**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSA GLORIA CABRERA CALDERON, JUAN ALEXANDER JIMENEZ CABRERA,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.    22-1054<br><br>Agency Nos. A208-599-355<br>                        A208-599-356<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023[**]
Portland, Oregon

Before:  RAWLINSON, BEA and SUNG, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rosa Gloria Cabrera Calderon (Calderon) and her minor son, natives and citizens of Mexico, petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal of the denial by an Immigration Judge (IJ) of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

When the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), adopting the IJ's decision, and also provides its own reasoning, we review both the IJ's and the BIA's decisions. *See Ruiz-Colmenares v.Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We review for substantial evidence the agency's determination that a petitioner has failed to establish eligibility for asylum, withholding of removal, or CAT relief. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022), *as amended*. To prevail under this standard, "the petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Id*. (citation and internal quotation marks omitted).

1. Substantial evidence supports the BIA's determination that Petitioners failed to establish past persecution. We have held that "[v]iolence against family members . . . may support an applicant's asylum claim." *Mashiri v. Ashcroft*, 383 F.3d 1112, 1120 (9th Cir. 2004), *as amended* (citations omitted). Nevertheless,

2

violence against family members "must be part of a pattern of persecution closely tied to the petitioner." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (citations, alteration and internal quotation marks omitted). The record fails to compel the conclusion that the harm Calderon's family endured was closely tied to Petitioners. *See id*.

2. Substantial evidence also supports the conclusion that Petitioners failed to establish a well-founded fear of future persecution because they could have relocated to another part of Mexico. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). Calderon testified that she had family in Tijuana and "maybe" she could live there. And she acknowledged that her mother and sisters have lived without incident in Uruapan for several years.

3. Substantial evidence supports the conclusion that Petitioners were not persecuted on account of membership in their family. *See Zetino v. Holder*, 622 F.3d 1007, 1015-1016 (9th Cir. 2010), *as amended.* Petitioners failed to establish that family membership "was at least one central reason" they were persecuted. *Id*. at 1015.

4. The determination that Petitioners failed to demonstrate they are members of the particular social group of landowners is supported by substantial evidence. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 & n.3 (9th Cir. 2016)

3

(discussing membership in a particular social group). Similarly, substantial evidence supports the determination that Petitioners failed to establish that they held an anti-gang political opinion. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds* by *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc) (discussing lack of evidence to establish anti-gang political opinion).

5. Generally, an applicant who fails to establish eligibility for asylum necessarily fails to qualify for withholding of removal. *See Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022). However, we recently clarified that the "a reason" nexus standard for withholding of removal is less demanding than the "one central reason" nexus standard for asylum. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). The agency must apply the proper nexus standard in deciding asylum and withholding of removal claims. *See id*. at 357-60. Here, the BIA cited *Barajas-Romero* and explicitly referenced the correct nexus standards when denying each requested relief.

6. Substantial evidence supports the IJ's denial of CAT relief because Petitioners failed to demonstrate that they would more likely than not be tortured with the acquiescence or consent of a public official. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022). "Generalized evidence of violence in a country is itself

4

insufficient to establish that anyone in the government would acquiesce to a petitioner's torture." *Id*. (citation omitted).

**PETITION DENIED.**